

Clyde & Co US LLP
200 Campus Drive
Suite 300
Florham Park, NJ 07932
United States
Telephone: +1 973 210 6700
Facsimile: +1 973 210 6701
www.clydeco.com

Timothy A. Carroll
Timothy.Carroll@clydeco.us
Direct Line:  973 210 6731

February 25, 2021

**VIA ELECTRONIC COURT FILING**
Hon. William J. Martini, U.S.D.J.
U.S. District Court, District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07101

> RE:    ***Wyckoff Properties, LP, et al. v. Selective Insurance Company, et al.***
>          **U.S.D.C., D.N.J., No. 2:21-cv-00238-WJM-MF**

**MOTION TO STRIKE TASTE BUDS' BRIEF (ECF 18)**

Dear Judge Martini:

My office represents Defendant, American Zurich Insurance Company ("Zurich"), in the above-referenced insurance-coverage action.  In lieu of a more formal filing, and in light of the approaching deadlines, we respectfully request that the Court treat this letter as a motion requesting that the Court strike the brief of Plaintiff, Taste Buds LLC, filed yesterday, February 24, 2021 (ECF 18), in opposition to Zurich's pending motion to dismiss for failure to state a claim (ECF 9).  Taste Buds' 50-page brief violates multiple rules of this Court, and requiring Zurich to respond to it in the limited pages and time that Zurich has would significantly prejudice Zurich.  Good cause exists to strike the brief and to compel Taste Buds to file a new brief that complies with the rules governing page limits.  In addition, although striking Taste Buds' brief would be justified even if Taste Buds were thereby adversely affected, Taste Buds has the opportunity to file a new brief that complies with the Court's rules by the deadline previously set by the Court (March 1, 2021), and therefore cannot claim it would be prejudiced by an order striking its current brief.

**PERTINENT BACKGROUND**

On January 26, 2021, Zurich filed a letter enclosing a consent order memorializing Plaintiffs' voluntary dismissal, with prejudice, of all claims against Zurich except claims made by Taste Buds, which is the only plaintiff in the case that was issued a policy by Zurich.  ECF 6.



Several days later, on February 5, 2021, Zurich filed a motion to dismiss all of Taste Buds' claims against Zurich, pursuant to FED. R. CIV. P. 12(b)(6).  ECF 9.  With Zurich's consent, Taste Buds filed a letter requesting that Zurich's motion be adjourned to March 15, 2021.  ECF 14.  The Court granted the request.  *See* Docket Text entered on February 14, 2021.  The Court set the deadline for opposing Zurich's motion to dismiss as March 1, 2021.  *Id.*  On February 24, 2021 (several days early), Taste Buds filed a brief in opposition to Zurich's motion to dismiss.  ECF 18.

DISCUSSION OF APPLICABLE RULES AND LAW

Local Civil Rule 7.2 states in part:

**(b) Any brief … shall not exceed 40 ordinary typed or printed pages …. Briefs of greater length will only be accepted if special permission of the Judge or Magistrate Judge is obtained prior to submission of the brief.**

*       *       *

**(d) …. Typeface shall be in 12-point non-proportional font (such as Courier New 12) or an equivalent 14-point proportional font (such as Times New Roman 14). If a 12-point proportional font is used instead, the page limits shall be reduced by 25 percent (e.g., the 40 page limit becomes 30 pages in this font …). Footnotes shall be printed in the same size of type utilized in the text.**

L. CIV. R. 7.2(b), (d).

To summarize, all briefs must not exceed 40 pages if a "14-point proportional font (such as Times New Roman 14)" is used.  If a smaller font is used, such as "12-point proportional font," the page limit is reduced to "30 pages in this font."  Also, all footnotes must be "printed in the same size of type utilized in the text" of the brief.

Taste Buds' brief in opposition (ECF 18) to Zurich's motion to dismiss clearly violates the rules.  The brief does not use a "14-point proportional font (such as Times New Roman 14)." It uses a "12-point proportional font," *i.e.*, Times New Roman.  When that font is used, the page limit is only 30 pages.  ***Taste Buds' brief is 50 pages — 20 pages over the limit***, or nearly double the page limit allowed.  ECF 18 at 7–57.  In addition, the footnotes in Taste Buds' brief are in a smaller font than the "size of type utilized in the text."  The footnotes appear to be in 10-point font.  ECF 18 at 30 (fn.2), 38 (fn. 3), 39 (fn.4), 50 (fn.5).  Had the footnotes complied with the rules and been in 12-point type, the brief would have significantly exceeded 50 pages, given the length of the footnotes.  Finally, Taste Buds never applied to the Court for permission to exceed the page limit, let alone to exceed it by 20 pages.

2



The New Jersey Federal Court Rules are not "optional" and "must be adhered to" in all filings. *Complete Foot & Ankle v. Cigna Health & Life Ins. Co.*, 2018 WL 2234653, at *1 n.1 (D.N.J. May 16, 2018). "[T]he exigency presented by the ongoing COVID-19 pandemic … is not an excuse for sophisticated counsel to throw the rules of civil procedure out the window…." *Nohasses G. C. v. Decker*, 2020 WL 2507775, at *8 (D.N.J. May 15, 2020).

Briefs "that do not comply with the Court's rules may be denied or stricken by the Court." *Adesanya v. Novartis Pharm. Corp*, 2015 WL 7574362, at *1 (D.N.J. Nov. 24, 2015); *see also Capaldi v. BJ's Wholesale Club, Inc.*, 2020 WL 2569965, at *2 (D.N.J. May 21, 2020) ("Courts may disregard or strike overlength briefs."); *Wexco Indus. v. ADM21 Co.*, 2008 WL 5427867, at *12 (D.N.J. Dec. 30, 2008) ("ADM's brief in support of its motion for summary judgment rings in at a shocking 72 pages, well above the 40-page limit prescribed by Local Civil Rule 7.2(b)…. The Court … warns ADM that … strict compliance with the local civil rules is expected.").

And, indeed, the Court has denied motions or stricken briefs based on failure to comply with the rules. *E.g., Anise v. JPMorgan Chase Bank*, 2016 WL 9281267, at *1 (D.N.J. Nov. 29, 2016) (denying motion because plaintiff's brief was 61 pages, exceeding 40-page limit under L. CIV. R. 7.2); *Prather v. Bundy*, 2013 WL 6384654, at *5 n.3 (D.N.J. Dec. 6, 2013) ("Plaintiff's first filing with respect to this issue … was not ruled upon because Plaintiff did not comply with the Local Civil Rule 7.2."). In *Capaldi*, the Court denied a litigant's non-compliant motion with leave to file a new brief that complied with L. CIV. R. 7.2's page limit. The "83-page brief" was "obviously violative of the length limitations imposed by Local Civil Rule 7.2," the Court said, and "accepting it as filed would work a great disservice to the spirt of that rule." *Id.* at *3.

As this Court has observed, "the page limit set forth in the Local Civil Rules is sufficient to enable [parties] to make all necessary arguments in support of [their] position." *Morning Sun Books, Inc. v. Div. Point Models, Inc.*, 2019 WL 4785633, at *1 (D.N.J. Sept. 30, 2019). "Briefs of greater length will only be accepted if leave of court is sought and granted." *Capaldi*, 2020 WL 2569965, at *2 (citing L. CIV. R. 7.2(b)). As in *Capaldi*, "[n]o such leave has been sought or granted" here. *Id.* at *2. It goes without saying "that letter must be submitted to the Court prior to filing" the brief. *Anise*, 2016 WL 9281267, at *1.

### REQUEST FOR RELIEF

Based on the foregoing, Zurich respectfully requests that the Court strike Taste Buds' 50-page brief which is at least 20 pages over the limit. This is not merely a matter of technical non-compliance with the rules. The rules exist to prevent attempts by litigants to saddle the Court and adversaries with an everything-but-the-kitchen-sink approach used by Taste Buds in its non-compliant brief. Allowing the brief, when Taste Buds has not even sought permission to file it, would "would work a great disservice" to the rules. Zurich, which has played by the rules, should not be forced to respond to over 50 pages of argument, especially when Zurich's reply



brief is limited to 11.25 pages.  Nor should the Court be burdened with such an over-length brief. There is support in the rules and case law for the Court to simply disregard or strike Taste Buds' brief without leave to re-file.  But Zurich asks the Court to strike Taste Buds' brief and compel Taste Buds to file a new brief, if it so chooses, that complies with the rules, by the deadline of March 1, 2021.


Very truly yours,

   *s/ Timothy A. Carroll*

Timothy A. Carroll


cc:   Patrick F. Hofer, Esquire (Admission Request Forthcoming)
      patrick.hofer@clydeco.us
      Jared Clapper, Esquire (Admission Request Forthcoming)
      jared.clapper@clydeco.us
      *Counsel for Defendant, American Zurich Insurance Company*

      Francis Crotty, Esquire
      fcrotty@lawflnj.com
      *Counsel for Plaintiffs*

      Susan M. Leming, Esquire
      sleming@brownconnery.com
      *Counsel for Defendant, Berkshire Hathaway Guard Insurance Company*

      Patrick J. Mulqueen, Esquire
      pmulqueen@goldbergsegalla.com
      *Counsel for Defendant, Harleysville Insurance Company*