**Francis P. Crotty**
**ID #017761975**
**SMITH, CROTTY, MEYER & BRUINS**
851 Franklin Lake Road - Suite 101
Franklin Lakes, New Jersey 07417
(201) 891-1900
(201) 891-8817 fax
fcrotty@lawflnj.com

| | |
|---|---|
| WYCKOFF PROPERTIES, LP, D/B/A ALDO'S PANE & VINO, WYCKOFF INN LTD, T/A THE BRICK HOUSE, TASTE BUDS, LLC D/B/A THE MASON JAR, ELAN CATERERS, LLC, QUE PASTA, LLC & FRANKLIN LAKES COUNTRY CAFÉ, LLC, | UNITED STATES DISTRICT COURT DISTRICT OF NEW JERSEY |
| Plaintiffs, | U.S.D.C., D.N.J., No. 2:21-cv-00238-WJM-MF |
| v. | CIVIL ACTION |
| SELECTIVE INSURANCE COMPANY, AMERICAN ZURICH INSURANCE COMPANY, & HARLEYSVILLE INSURANCE COMPANY, | **MOTION RETURNABLE: April 19, 2021 (ORAL ARGUMENT REQUESTED)** |
| Defendants. | |

**BRIEF SUBMITTED BY TASTE BUDS, LLC IN RESPONSE TO THE AMERICAN ZURICH INSURANCE COMPANY OPPOSITION TO PLAINTIFFS MOTION TO REMAND**

Attorneys for Plaintiffs
**SMITH, CROTTY, MEYER & BRUINS**
**Francis P. Crotty**
**NJ ID #017761975**
851 Franklin Lake Road - Suite 101
Franklin Lakes, New Jersey 07417
(201) 891-1900 Office
(201) 891-8817 fax
Email: fcrotty@lawflnj.com

TABLE OF CONTENTS

Page

1. PRELIMINARY STATEMENT ........ 1

2. FACTUAL BACKGROUND AND PROCEDURAL HISTORY ........ 3

3. ARGUMENT ........ 4

I. THERE IS NO FEDERAL JURISDICTION IN THIS CASE CASE ........ 4

A. SUBJECT MATTER JURISDICTION – THERE IS NO FEDERAL QUESTION ........ 5

B. DIVERSITY JURISDICTION – THERE IS NO COMPLETE DIVERSITY AND THE $75,000 MONETARY THRESHOLD HAS NOT BEEN DEMONSTRATED ........ 6

II. ZURICH'S UNSUPPORTED ALLEGATION OF FRAUDULENT JOINDER IS WITHOUT BASIS IN FACT AND UNSUPPORTED BY LAW ........ 8

A. THE AIM OF PERMISSIVE JOINDER IS TO ALLOW PARTIES TO OBTAIN THE LARGEST EFFICIENT UNIT OF LITIGATION ........ 9

1. This Case Involves the Same Occurrence or Series of Occurrences ........ 9

2. All Claims Involve a Common Question of Law ........ 10

B. THE JOINDER OF THESE PARTIES WAS NOT FRAUDULENT – IT PROMOTES TRIAL CONVENIENCE AND JUDICIAL ECONOMY ........ 10

4. CONCLUSION ........ 10

TABLE OF AUTHORITIES


| CASES | PAGE |
|---|---|
| Abels v. State Farm Fire & Cas. Co., 770 F.2d 26, 29 (3d Cir. 1985) | 4 |
| Am. Fire & Cas. Co. v. Finn, 341 U.S. 6, 14 (1951) | 4 |
| A.S. ex rel. Miller v. SmithKline Beecham Corp., 769 F.3d 204, 208 (3d Cir. 2014) | 4 |
| Bavendam v. Pearson Educ., Inc. 2013 WL 5530008, *2(D.N.J. 2013) | 10 |
| Bristol-Myers Squibb v. Superior Ct., 137 S.C.T. 1773 (2017) | 7, 8 |
| Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987) | 5 |
| Frederico v. Home Depot, 507 F.3d 188, 193 (3d Cir. 2007) | 4, 7 |
| Grand Union Superm. Of the Virgin Isl., Inc., v. H.E. Lockhart Mgmt., Inc., 316 F.3d 408 (3d Cir. 2003) | 6 |
| Green Tree Servicing LLC v. Dillard, 88 F. Supp. 3d 399, 401 (D.N.J. 2015) | 5 |
| Hagan v. Rogers, 570 F.3d 146, 152 (3d Cir. 2009) | 9 |
| Hudson City Sav. Bank, FSB v. Barrow, No. 16-4190, 2017 WL 701381, at *1 (D.N.J. Feb. 22, 2017) | 5 |
| JPMorgan Chase Bank v. Farah, No. 16-3056, 2016 WL 8674607, at *3 (N.N.J. Dec. 16, 2016) | 5 |
| McNutt v. General Motors Acceptance Corp. of Indiana, 298 US 178, 179-180 | 7 |
| Palmer v. Univ. of Med. and Dentistry of N.J., 605 F. Supp. 2d 624, 633 (D.N.J. Mar. 27, 2009) | 5 |
| Samuel-Bassett v. KIA Motors America, Inc., 357 F.3d 392, 396 (3d Cir. 2004) | 7 |
| Sullivan v. Novartis Pharm. Corp., 575 F. Supp. 2d 640,642 (D.N.J. 2008) | 6 |
| Westfield Ins. Co. v. Interline Brands, Inc., 2014 WL6816173 (D.N.J. 2013) | 9 |

RULES


| | |
|---|---|
| 28 U.S.C. § 1331 | 4, 5 |
| 28 U.S.C. § 1332 | 5 |
| 28 U.S.C. § 1332(a) | 6 |
| 28 U.S.C. § 1441(a) | 4 |
| 28 U.S.C. § 1441 (b)(2) | 6 |

**Francis P. Crotty**
**ID #017761975**
**SMITH, CROTTY, MEYER & BRUINS**
851 Franklin Lake Road - Suite 101
Franklin Lakes, New Jersey 07417
(201) 891-1900
(201) 891-8817 fax
fcrotty@lawflnj.com

| | |
|---|---|
| WYCKOFF PROPERTIES, LP, D/B/A ALDO'S PANE & VINO, WYCKOFF INN LTD, T/A THE BRICK HOUSE, TASTE BUDS, LLC D/B/A THE MASON JAR, ELAN CATERERS, LLC, QUE PASTA, LLC & FRANKLIN LAKES COUNTRY CAFÉ, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>SELECTIVE INSURANCE COMPANY, AMERICAN ZURICH INSURANCE COMPANY & HARLEYSVILLE INSURANCE COMPANY,<br><br>Defendants. | UNITED STATES DISTRICT COURT DISTRICT OF NEW JERSEY<br><br>U.S.D.C., D.N.J., No. 2:21-cv-00238-WJM-MF<br><br>**BRIEF SUBMITTED BY TASTE BUDS, LLC IN RESPONSE TO THE AMERICAN ZURICH INSURANCE COMPANY OPPOSITION TO PLAINTIFFS MOTION TO REMAND**<br><br>Oral Argument is Requested |

## PRELIMINARY STATEMENT

To properly remove a case to federal court on the basis of federal jurisdiction, complete diversity must exist. In this case, it clearly does not. All of the plaintiffs are New Jersey residents. Three of the insurance company defendants are New Jersey companies, Selective is the insurer for two of the plaintiffs and Harleysville New Jersey is the insurer for a third. This fact alone makes any allegation of "fraudulent joinder" spurious.

In addition to the lack of diversity, the defendant has failed to bear its burden of establishing that the claim of Taste Buds. LLC, or for any of the plaintiffs, meets the $75,000

threshold amount required for diversity jurisdiction. The Complaint does not state a dollar amount being requested by any of the plaintiffs. Since Count Two of the Complaint has now been voluntarily dismissed, the sole remaining Count simply seeks a Declaratory Judgment under the New Jersey Declaratory Judgment Act establishing the plaintiffs' rights under their respective policies.

Federal Courts are courts of limited jurisdiction and the party seeking to invoke the Court's jurisdiction has the burden of establishing that the prerequisites to jurisdiction have been met. None of the defendants, including Zurich, has met the burden the law requires with respect to the threshold jurisdictional amount of $75,000.

There is obviously no federal question involved in this matter. The only remaining Count in the Complaint asks for an adjudication of the rights of six New Jersey companies under the New Jersey Declaratory Judgment Act. The six plaintiffs were organized in New Jersey and they all do business in New Jersey. Three of the insurers for the six plaintiffs are New Jersey Companies. The other two insurance companies have written policies in the State of New Jersey, insuring New Jersey entities and have been paid premiums by and from the business operations of their insureds generated in the State of New Jersey.

The six plaintiffs have joined together in one action not to "fraudulently" avoid federal jurisdiction, the utterly unsupported allegation of the party opposing Plaintiffs' Motion To Remand. Rather, they have joined in the action for the purpose of judicial efficiency.[i]

It is not disputed that the individual plaintiffs have a claim only against their own insurer. However, the issue is whether or not the joinder of these claims is appropriate. Joinder in this case is not only appropriate, it is desirable. The claims of the six plaintiffs all arise out of the

same transaction or occurrence, the shuttering of their businesses as a result of the coronavirus and government orders. The claims of all the plaintiffs are the same, loss of business income as a result of the shutdowns. The defendants' insurance policies at issue are, in all relevant part, identical. The legal issues, coverage for physical loss or damage to plaintiffs' business properties as defined under the law of New Jersey and the applicability of the virus exclusion under the efficient proximate cause doctrine, are the same. The plaintiffs' allegations regarding "regulatory estoppel" are exactly the same. And finally, the claims of all six plaintiffs have been denied for identical reasons.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiffs incorporate by reference the Factual Background and Procedural History set forth in their Motion to Remand dated February 4, 2021.

Plaintiffs' Motion to Remand was faxed to the Court and emailed to the defendants on February 4, 2021. However, because the plaintiffs' counsel's office had difficulties with the Pacer filing system, the Motion was not filed on Pacer until February 9, 2021.

Since the Remand Motion was filed, American Zurich, the insurer for Taste Buds, LLC, has filed a Motion to Dismiss together with a supporting brief and Harleysville, the insurer for Elan Caterers and The Country Café, has filed a Motion to Dismiss and a Motion to Sever, together with a supporting brief.

Selective Insurance Company, a New Jersey insurer, has been served.

Plaintiffs have filed briefs in opposition to both Motions to Dismiss and the Motion to Sever.

American Zurich has filed its brief in Opposition to plaintiffs' Motion to Remand.

Plaintiffs have filed a Notice Voluntarily Dismissing Count II of their Complaint, the breach of contract count.

Plaintiffs are herewith filing their response to American Zurich's Opposition to Plaintiffs' Motion to Remand.

**ARGUMENT**

**I. THERE IS NO FEDERAL JURISDICTION IN THIS CASE.**

Pursuant to 28 U.S.C. § 1441(a)[ii], "defendants may generally remove civil actions from state court to federal district court so long as the district court would have had subject-matter jurisdiction had the case been originally filed before it." *A.S. ex rel. Miller v. SmithKline Beecham Corp.,* 769 F.3d 204, 208 (3d Cir. 2014). The removability of a matter is determined from the plaintiff's pleadings at the time of removal. *See Am. Fire & Cas. Co. v. Finn,* 341 U.S. 6, 14 (1951). When the propriety of removal is challenged, the party asserting federal jurisdiction bears the burden of showing that removal is proper. *See Frederico v. Home Depot,* 507 F.3d 188, 193 (3d Cir. 2007). "Because lack of jurisdiction would make any decree in the case void and the continuation of the litigation in federal court futile, the removal statute should be strictly construed and all doubts should be resolved in favor of remand." *Abels v. State Farm Fire & Cas. Co.,* 770 F.2d 26, 29 (3d Cir. 1985).

**A. SUBJECT MATTER JURISDICTION – THERE IS NO FEDERAL QUESTION.**

Plaintiffs turn first to the issue of whether Plaintiffs' Complaint was originally removable. In the Notice of Removal, Defendant asserts that this matter is removable on the basis of both federal question jurisdiction under 28 U.S.C. § 1331 and diversity jurisdiction

under 28 U.S.C. § 1332. Pursuant to § 1331, district courts have federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

The Plaintiffs assert that the Court lacks federal question jurisdiction, because Plaintiffs' Complaint does not present a question of federal law. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987); *see Green Tree Servicing LLC v. Dillard*, 88 F. Supp. 3d 399, 401 (D.N.J. 2015) ("Because the plaintiff acts as 'master of the claim,' a court looks to the face of a complaint in accordance with the 'well-pleaded complaint' rule in order to determine whether the action rests upon a federal claim.") For that reason, ordinarily, neither defenses nor counterclaims provide the basis for federal question jurisdiction; rather, "federal question jurisdiction [must] be established squarely within the four corners of the [] complaint for removal purposes." *Palmer v. Univ. of Med. and Dentistry of N.J.*, 605 F. Supp. 2d 624, 633 (D.N.J. Mar. 27, 2009); see, e.g., *Hudson City Sav. Bank, FSB v. Barrow*, No. 16-4190, 2017 WL 701381, at *1 (D.N.J. Feb. 22, 2017) (finding that the "[defendant's] citation of federal causes of action as counterclaims does not create federal-question jurisdiction.").

Plaintiffs have voluntarily dismissed Count Two of the Complaint, the breach of contract claim. Thus, Plaintiff's Complaint relies exclusively upon New Jersey state law in asserting a cause of action under the New Jersey Declaratory Judgment Act, and therefore, provides no basis for federal jurisdiction. *See JPMorgan Chase Bank v. Farah*, No. 16-3056, 2016 WL 8674607, at *3 (N.N.J. Dec. 16, 2016) ("This is an action for Declaratory Judgment—quintessentially a

state law case.") Accordingly, because the face of Plaintiff's Complaint does not identify a federal question, this Court lacks federal question jurisdiction.

### B. DIVERSITY JURISDICTION – THERE IS NO COMPLETE DIVERSITY AND THE $75,000 MONETARY THRESHOLD HAS NOT BEEN DEMONSTRATED.

For diversity jurisdiction to exist under § 1332, each party must be of diverse citizenship from each other and the amount in controversy must exceed $75,000. 28 U.S.C. § 1332(a); *see Grand Union Superm. Of the Virgin Isl., Inc., v. H.E. Lockhart Mgmt., Inc.,* 316 F.3d 408 (3d Cir. 2003).

The Defendant has failed to satisfy his burden of establishing the existence of diversity jurisdiction under § 1332. Importantly, 28 U.S.C. § 1441 (b)(2), commonly referred to as the "forum defendant" or "home state" rule, provides that "[a] civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if **any of the parties in interest** properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441 (b)(2). In other words, "the forum defendant rule precludes removal based on diversity where a defendant is a citizen of the forum state—the state in which the plaintiff originally filed the case." *Sullivan v. Novartis Pharm. Corp.*, 575 F. Supp. 2d 640,642 (D.N.J. 2008). Here, even assuming that the Complaint satisfies the amount in controversy, there is no dispute that Plaintiff initially filed this action in New Jersey state court, and that one of the defendants, the insurer for the Plaintiff, Selective Insurance Company, is a citizen of New Jersey, and another insurer, Harleysville New Jersey, is the insurer for a third Plaintiff. Accordingly, removal on the basis of diversity jurisdiction is barred under § 1441 (b)(2). Also, Zurich has utterly failed to meet its burden of establishing that the amount in controversy is more than $75,000.

Zurich states on page 2 of its Brief in Opposition to Plaintiffs' Remand Motion that "over $75,000 is at issue…" Zurich does not cite to any authority facts or to support its bare allegation regarding the amount in controversy. Plaintiffs' Complaint seeks only an adjudication of their rights under the New Jersey Declaratory Judgment Act.

Federal courts are of limited jurisdiction. The party seeking to invoke the court's jurisdiction has the burden of establishing that the prerequisites to jurisdiction have been met. See *Frederico v. Home Depot*, 507 F.3d 188, 193 (3d Cir. 2007) ("It is now settled in this Court that the party asserting federal jurisdiction in a removal case bears the burden of showing, at all stages of the litigation, that the case is properly before the federal court.") (citing *Samuel-Bassett v. KIA Motors America, Inc.*, 357 F.3d 392, 396 (3d Cir. 2004)). Zurich has failed to meet its burden. See also *McNutt v. General Motors Acceptance Corp. of Indiana*, 298 US 178, 179-180.

Defendant cites the case of *Bristol-Myers Squibb v. Superior Ct., 137 S.C.T. 1773 (2017)*, in support of its contention that Zurich was fraudulently joined in this case. This case is readily distinguishable and the facts of *Bristol-Meyers* bear very little relation to the Wyckoff Properties case.

*Bristol-Myers* was a class action encompassing almost 700 plaintiffs. The lawsuit was a products liability case filed in State Court in California. 86 of the plaintiffs had a connection with the forum state, 592 did not and the prime defendant, *Bristol-Myers*, was not a resident of California. The selection of state court in California was an obvious forum-shopping exercise and was treated as such by the Supreme Court. The California courts initially held that California had "general jurisdiction" and "specific jurisdiction" over *Bristol-Meyers* based on the company's extensive business ties with California. The U.S. Supreme Court held that

California's state courts did not have jurisdiction over *Bristol-Meyers* with respect to the non-residents' claims.

It should be noted, however, that regarding to the Court's ruling as to "specific jurisdiction", *Bristol-Meyers* actually supports Plaintiffs' position. The Court held that specific jurisdiction may exist only when the events underlying the lawsuit arose out of or relate to the Defendant's contact with the forum state. (Supra, pp. 7-8)

The Plaintiffs in this matter do not need to rely upon the decision in *Bristol-Meyers* for legal support for its Motion to Remand. However, it is worth pointing out that in this case, all of the plaintiffs do business in Bergen County, New Jersey; all of the policies insuring the plaintiffs were sold and the insurance contracts entered into, in New Jersey; the policies all insure New Jersey businesses; the premiums which pay for the policies are generated by business operations in New Jersey; and the Executive Orders shutting down or restricting the business operations of the plaintiffs were issued by the Governor of the State of New Jersey and/or the New Jersey Department of Health. In short, all of the contacts and legal activity involving the plaintiffs and the defendants took place in New Jersey.

**II. ZURICH'S UNSUPPORTED ALLEGATION OF FRAUDULENT JOINDER IS WITHOUT BASIS IN FACT AND UNSUPPORTED BY LAW.**

Since Zurich cannot possibly assert complete diversity since three of the six plaintiffs are insured by New Jersey Insurance Companies, it has resorted to the totally unsupported allegation that the New Jersey defendants were fraudulently joined.

The general rule regarding diversity is set forth above on page 6 of this brief. Stated very bluntly, there is no diversity jurisdiction in this case. However, since Zurich has alleged that the

plaintiffs in this case have been joined improperly, this issue will be addressed in the balance of the brief.

It should be noted that many of the arguments made in this Point were set forth in the plaintiffs' brief submitted in opposition to the Harleysville Motion to Sever. Although Zurich has not filed a formal Motion to Sever, a number of the arguments offered by Zurich are similar to those presented in the Motion to Sever.

## A. THE AIM OF PERMISSIVE JOINDER IS TO ALLOW PARTIES TO OBTAIN THE LARGEST EFFICIENT UNIT OF LITIGATION.

**Rule 20 – Permissive Joinder of Parties**

> **(a) Permissive Joinder**. All persons may join in one action as plaintiffs if they assert any right to relied jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transaction or occurrences and if any question of law or fact common to all these persons will arise in the action. All persons (and any vessel, cargo or other property subject to admiralty process in rem) may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action. A plaintiff or defendant need not be interested in obtaining or defending against all the relief demanded. Judgment may be given for one or more of the plaintiff's according to their respective rights to relief, and against one or more defendants according to their respective liabilities.

"As a threshold matter, joinder is strongly encouraged." *Hagan v. Rogers*, 570 F.3d 146, 152 (3d Cir. 2009).

### 1. This Case Involves the Same Occurrence or Series of Occurrences

As set forth in the Statement of Facts above, the Plaintiffs' claims all arise out of the same transaction or occurrence – the actual or potential contamination from the Coronavirus and the Government Orders shuttering the businesses of the Plaintiffs and tens of thousands of similarly situated businesses. (see *Westfield Ins. Co. v. Interline Brands, Inc.*, 2014 WL6816173 (D.N.J. 2013)

**2. All Claims Involve a Common Question of Law**

As set forth in the Statement of Facts above, all Plaintiffs are claiming loss of income due to business interruption and all policies at issue are identical in relevant part, as are the legal issues.

**B. THE JOINDER OF THESE PARTIES WAS NOT FRAUDULENT – IT PROMOTES TRIAL CONVENIENCE AND JUDICIAL ECONOMY**

Factors that may be considered in determining whether to sever include: (1) whether the Issues sought to be tried separately are significantly different from one another; (2) whether the separable issues require the testimony of different witnesses and different document proof; (3) whether the party opposing the severance will be prejudiced if it is granted; and 94) whether the party requesting severance will be prejudiced if it is not granted. *Bavendam v. Pearson Educ., Inc*. 2013 WL 5530008, *2(D.N.J. 2013)

Here, all of the material issues to be tried are the same. Zurich cannot legitimately claim that it will be prejudiced if a remand is granted. Severance, which is what Zurich is requesting, would disadvantage the Plaintiffs with additional burden and expense and it would effect a waste of judicial resources by requiring several separate trials of the exact same issue.

**CONCLUSION**

It is respectfully submitted that the Court remand this case to the Superior Court of New Jersey.

**Smith, Crotty, Meyer & Bruins**
Attorneys for Plaintiffs

By: ______________________

Francis P. Crotty (017761975)

---

[i] The legal Argument made in plaintiffs' opposition to the Harleysville Motion to Sever is incorporated herein by reference. All of the legal positions set forth in the Brief filed on April 5 opposing the severance motion are applicable here as well.

[ii] 28 U.S.C. § 1441(a) provides:

Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.