
350 Mount Kemble Avenue
P.O. Box 1917
Morristown, New Jersey 07962
phone: 973-267-0058
fax: 973-267-6442
www.cmg.law



Wall Street Plaza
88 Pine Street, 28th Floor
New York, New York 10005
phone: 212-483-0105
fax: 212-480-3899

WILLIAM T. CORBETT
DIRECT DIAL: (973) 631-6005
EMAIL: WCORBETT@COUGHLINDUFFY.COM

June 18, 2021

**VIA CM/ECF**
Hon. William J. Martini
Martin Luther King Bldg. & U.S. Courthouse
50 Walnut St., P.O. Box 999
Newark, New Jersey 07101-0999

      Re:    *Wyckoff Properties, LP et al. v. Berkshire Hathaway Guard Insurance Company, et al.*, No. 2:21-cv-00238

Dear Judge Martini:

      This firm represents Defendant Selective Casualty Insurance Company (incorrectly named as Selective Insurance Company). Currently pending and fully briefed before the Court is Defendant's Motion to Dismiss. We write to submit a recent decision from the District of New Jersey, decided after Defendant filed its Reply in support of its Motion to Dismiss. In *Beach Glo Tanning Studio Inc. v. Scottsdale Ins. Co.*, No. 3:20-cv-1390, 2021 U.S. Dist. LEXIS 102120, at *5 (D.N.J. May 28, 2021), the court found that a virus exclusion similar to the one at issue here barred coverage for business income losses caused by the pandemic.

      The virus exclusion in *Beach Glo* stated that the insurer "will not pay for loss or damage caused by or resulting from any virus."  First, the court found this exclusion unambiguously applied to the COVID-19 pandemic and that regulatory estoppel discovery was not warranted. *Beach Glo*, 2021 U.S. Dist. LEXIS 102120, at *18.  The court then rejected the insured's contention that coverage was not barred under Appleman's Rule because, as the insured argued, "an included cause of loss, *i.e.*, the Closure Orders, was the last step in the chain of causation leading to its losses." *Id.* at *19.  Specifically, the court found that:

> neither the cause that starts nor ends the sequence of events leading to Beach Glo's alleged losses is a Covered Cause of Loss. The starting cause, *i.e.*, COVID-19, is not a Covered Cause of Loss because of the Virus Exclusion. The end cause, which Beach Glo claims to be the Closure Orders, is not a Covered Cause of Loss either. The Closure Orders "were issued as the direct result of COVID-19—a cause of loss that falls squarely within the Virus Exclusion."

Hon. William J. Martini
June 18, 2021
Page 2



*Id*. at \*20 (citations omitted).[1]

The same result obtains here. As in *Beach Glo*, COVID-19 is the efficient proximate cause of the losses in question and the virus exclusion bars coverage, even under Appleman's Rule.

Respectfully submitted,

*William T. Corbett, Jr.*
COUGHLIN MIDLIGE & GARLAND, LLP

William T. Corbett, Jr.

cc: All Counsel (Via CM/ECF)

---

[1] This outcome, moreover, is in accord with recent authority from other jurisdictions. *See 100 Orchard St., LLC v. Travelers Indem. Ins. Co.*, No. 20-CV-8452, 2021 U.S. Dist. LEXIS 107292, at \*5 (S.D.N.Y. June 8, 2021) ("COVID-19 is the 'efficient proximate cause' of any business losses resulting from government restrictions imposed in an effort to contain the virus.").