<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **WYCKOFF PROPERTIES, LP D/B/A ALDO'S PANE & VINO, WYCKOFF INN LTD, T/A THE BRICK HOUSE, TASTE BUDS, LLC D/B/A THE MASON JAR, CENZINO RISTORANTE LLC, D/B/A CENZINO'S ELAN CATERERS, LLC, QUE PASTA, LLC & FRANKLIN LAKES COUNTRY CAFÉ, LLC,**<br><br>                              **Plaintiffs,**<br>v.<br><br>**SELECTIVE INSURANCE COMPANY, AMERICAN ZURICH INSURANCE COMPANY, BERKSHIRE HATHAWAY GUARD INSURANCE COMPANY & HARLEYSVILLE INSURANCE COMPANY,**<br><br>                              **Defendants.** | Civil Action No. 21-238 (WJM)<br><br><u>**REPORT AND RECOMMENDATION**</u> |

<u>**FALK, U.S.M.J.**</u>

Before the Court is Plaintiffs' motion to remand this case to state court. [CM/ECF No.11.] Plaintiffs are New Jersey restaurants which have joined in one action to recover business interruption losses from their insurers, two of which are New Jersey insurance companies. The motion is opposed. The Honorable William J. Martini, U.S.D.J. has

referred the motion to the Undersigned. The Court decides it on the papers. Fed.R.Civ.P. 78. For the reasons discussed below, it is respectfully recommended that Plaintiffs' motion to remand be **granted**.

## BACKGROUND

On November 13, 2020, seven New Jersey restaurants filed a Complaint against their insurers in the New Jersey Superior Court seeking coverage for alleged business losses sustained on account of the pandemic. The two-count Complaint asserts a claim under the New Jersey Declaratory Judgment Act, N.J.S.A. 2A:16-59 *et seq*. and a claim for breach of contract. Alleging that denial of their claims was a breach of contract, Plaintiffs seek a declaratory judgment that their "all risks" business insurance policies cover the losses allegedly caused by the pandemic and by the effects of Governor Murphy's Executive Orders which restricted their business operations. The Complaint named four insurance companies as defendants: Selective Insurance Company ("Selective"), American Zurich Insurance Company ("American Zurich"), Berkshire Hathaway Guard Insurance Company ("GUARD")[1] and Harleysville Insurance Company ("Harleysville").

Three of the Plaintiffs are insured by New Jersey companies. Specifically, Plaintiffs Wyckoff Properties, LP and Wyckoff Inn Ltd ("Wyckoff Plaintiffs"), are insured by Selective, a New Jersey entity, and a third Plaintiff, Que Pasta, LLC, is

---

[1] According to the Notice of Removal, Berkshire Hathaway Guard Insurance Company is an umbrella trade name and not a legal entity. The insurer is AmGUARD Insurance Company. For the sake of continuity, the insurance company will be referred to herein as GUARD.

insured by Harleysville New Jersey.[2]  The four other Plaintiffs have policies with out-of-state insurers.  Specifically, Plaintiffs Elan Caterers, LLC ("Elan") and Franklin Lakes Country Café ("Country Café"), LLC are insured by Harleysville Insurance Company,[3] Taste Buds, LLC is insured by American Zurich, a New York company, and Plaintiff Cenzino Ristorante LLC ("Cenzino") is insured by GUARD.

Notwithstanding that complete diversity is lacking on the face of the Complaint, on January 6, 2021, GUARD removed the action to this Court pursuant to 28 U.S.C. §§ 1332 and 1441 on grounds of diversity jurisdiction.  Representing that it is a Pennsylvania corporation and that its policyholder, Cenzino is a New Jersey entity, GUARD argues that diversity exists between the two and that the citizenry of all the other plaintiffs should be disregarded in the jurisdictional analysis because they had been fraudulently misjoined for the purpose of defeating jurisdiction.  (Notice of Removal ¶¶ 10-13.)

On February 9, 2021, Plaintiffs moved to remand the case on several grounds.  First, Plaintiffs argue that the Court lacks subject matter jurisdiction because there is not complete diversity between all plaintiffs and all defendants.  Second, Plaintiffs contend that removal was procedurally defective because GUARD failed to obtain the consent of all Defendants in violation of 28 U.S.C. § 1446(b)(2)(A), and because

---

[2] On March 26, 2021, Harleysville Insurance Company of New Jersey filed a motion to dismiss stating, among other things, that it was incorrectly pleaded as Harleysville Insurance Company, and conceding that the Court lacks subject matter jurisdiction over its coverage dispute with Que Pasta, LLC. (CM/ECF No. 35-1, n. 1.)
[3] Harleysville Insurance Company issued a policy to Elan and Harleysville Preferred Insurance Company issued a policy to Country Café. (CM/ECF No. 35 at 2.)  In any event, all parties appear to agree that these two insurance companies are not citizens of New Jersey for purposes of the jurisdictional analysis.

removal was prohibited by the "forum defendant" rule because two of the insurers are citizens of New Jersey.[4]  Third, Plaintiffs maintain that the Court should decline to exercise jurisdiction over this case because it presents novel questions of New Jersey insurance law that should be decided by a New Jersey state court.

On February 11, 2021, the Court entered a Consent Order pursuant to which Plaintiffs dismissed their claims against GUARD with prejudice.  (CM/ECF No. 13.)  Consequently, Cenzino and GUARD are no longer parties to the action.  On April 8, 2021, Plaintiffs voluntarily dismissed, without prejudice, their breach of contract claim against the remaining Defendants. (CM/ECF No. 43.)

Defendants filed opposition to remand contending that Plaintiffs have been fraudulently joined to defeat diversity.  Specifically, Defendants argue that this case is not a single cause of action on behalf of all Plaintiffs against all insurers, but that each individual Plaintiff is asserting independent coverage claims under its own separate policy against its respective insurance company.  Given Defendants' position that this case is a composite of standalone coverage claims, Defendants contend that the non-diverse parties and their respective claims should be severed and remanded, with the rest of the claims remaining in this Court.

---

[4] 28 U.S.C. § 1441 (b)(2), commonly referred to as the "forum defendant" rule, provides that "[a] civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) . . . may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."

## DISCUSSION

### A. Removal Standard

The federal removal statute provides that "[e]xcept as otherwise provided by Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed ... to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "[T]he party asserting federal jurisdiction in a removal case bears the burden of showing, at all stages of the litigation, that the case is properly before the federal court." *Frederico v. Home Depot,* 507 F.3d 188, 193 (3d Cir. 2007).

Where diversity jurisdiction is grounds for removal under 28 U.S.C. § 1332, the removing party must demonstrate complete diversity between the parties. *See Wis. Dep't of Corr. v. Schacht,* 524 U.S. 381, 389 (1994) (stating that federal diversity jurisdiction is present "only if there is no plaintiff and no defendant who are citizens of the same state"). The removing party carries a "heavy burden of persuasion." Id. at 851. Removal is strictly construed and all doubts are resolved in favor of remand. *See Samuel-Bassett v. Kia Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004).

### B. Diversity Jurisdiction

The six remaining Plaintiffs presently allege only a single state law claim under the Declaratory Judgment Act against their insurers. Plaintiffs do not assert any federal claims. Therefore, the only basis upon which the case could be removed is diversity.

By way of this motion, Plaintiffs argue that removal was improper because,

among other reasons, the parties are not completely diverse.  Defendants argue that the claims of the individual plaintiffs against their insurers fail to meet the standards for joinder and that the Court should sever and remand the claims of the non-diverse parties under the doctrine of fraudulent misjoinder.

C.  **Fraudulent Misjoinder**.

Fraudulent misjoinder, also referred to as "procedural misjoinder", occurs when a plaintiff attempts to defeat removal by misjoining unrelated claims of non-diverse party plaintiffs against a defendant.  *See In re Plavix Product Liability and Mktg. Lit.,* No. MDL No. 13-2418, 2014 WL 4954654 at *9 (Oct. 1, 2014) (citations omitted); *see also Breitner v. Merck & Co., Inc.,* 18-15982, 2019 WL 316026 (Jan. 24, 2019). While fraudulent joinder tests the viability of the claims against a non-diverse defendant, fraudulent misjoinder tests the procedural basis of a party's joinder.  *See In re Plavix,* 2014 WL 4954654 at *10 (citing *Geffen v. Gen. Elec. Co.*, 575 F.Supp.2d 865, 869 (N.D.Ohio 2008) ("[W]ith fraudulent misjoinder, the charge is that the joined claims are unrelated and have been improperly joined in one action to destroy diversity.).

The issue of fraudulent misjoinder was addressed in an extremely thorough and thoughtful opinion by Chief Judge Wolfson in the case of *In re Plavix Product Liability and Marketing Litigation ("Plavix")*.  No. MDL No. 13-2418, 2014 WL 4954654 at *9 (Oct. 1, 2014).  This Court agrees with every aspect of *Plavix* and follows it to the letter. Rather than repeat the extensive analysis in *Plavix*, the Court will highlight some of the main points explained by Judge Wolfson.

The fraudulent misjoinder doctrine was first articulated by the Eleventh Circuit in *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353 (11th Cir. 1996). In *Tapscott*, the Court found that the misjoinder must be "egregious" in order to be considered fraudulent. The fraudulent misjoinder doctrine has been rejected everywhere except the Fifth and Eleventh Circuits.

The Third Circuit has not addressed the doctrine of fraudulent misjoinder. *See In re Plavix,* 2014 WL 4954654, at *11. "[A]n overwhelming number of courts in this district have declined to apply the fraudulent misjoinder doctrine." *Id.* (collecting cases declining to apply fraudulent misjoinder doctrine). Those courts have generally refused to apply the doctrine in the absence of clear direction from the Third Circuit, and in light of the presumption against the extension of federal jurisdiction. *See Burgman v. Costco*, 2019 WL 7373076, at *5 (D.N.J. Nov. 22, 2019); *Kaufman v. Allstate Ins. Co.*, No. 07-6160, 2010 WL 2674130, *8 (D.N.J. June 30, 2010) ("The Court, without guidance from the Third Circuit, and noting other district courts' reluctance to embrace [the doctrine] finds that this issue would be better decided in state court, the court in which the parties were originally joined."); *In re Paulsboro Derailment Cases,* No. 13-5583, 2014 WL 197818, *4 (D.N.J. Jan. 13, 2014).

This Court agrees with the compelling rational against applying the fraudulent misjoinder doctrine in federal court. *See In re Plavix*, 2014 WL 4954654, at *12 (providing a comprehensive analysis of the fraudulent misjoinder doctrine). As mentioned, the fraudulent misjoinder doctrine is tantamount to an improper expansion of the scope of federal jurisdiction. The issue of whether the claims were properly joined is

an issue of state civil procedure which should be decided by the state court in accordance with state procedural rules. *Id.* at 12-14. Conducting a fraudulent misjoinder analysis in this case would require the Court to navigate and consider unsettled law. *Id.* at 13. Absent direction from the Third Circuit, this Court declines to adopt the fraudulent misjoinder doctrine as argued by Defendants for the reasons expressed here and more extensively in *Plavix*.

The Court agrees that there are questions regarding the propriety of joinder in this case in which unrelated plaintiffs and non-diverse plaintiffs have joined their claims in a single multiple plaintiff action. That said, there are many similarities to the claims and there is no evidence whatsoever that the joinder was egregious or fraudulent, which would be required if the Court accepted the fraudulent misjoinder doctrine, which it does not.

The Court finds this approach more prudent given the Third Circuit's well-established principle that removal statutes are to be strictly construed, with all doubts regarding the propriety of removal resolved in favor of remand. *See See In re Plavix,* 2014 WL 4954654, at *13 (citing *Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 29 (3d Cir. 1985)). Moreover, this Court concurs with prior decisions that "creating a new doctrine having the effect of expanding the removability of state court cases that, on their face, do not fall within the limited jurisdiction of the federal courts is neither wise nor warranted." *Bird v. Carteret Mortg. Corp.,* No. 06-588, 2007 WL 43551, at 12 (S.D.Ohio Mar. 22, 2007).

This Court is mindful of the Third Circuit's admonition that all doubts regarding

removal be resolved in favor of remand. *See Batoff*, 977 F.2d at 851. The Court concludes that arguments relating to misjoinder are more properly for the state court, where the case was originally filed, to determine whether the claims have been misjoined. *See Kaufman,* 2010 WL 2674130, at *7. A decision on the issue of misjoinder by this Court would contravene the Third Circuit's instruction to narrowly construe the removal statute.

## CONCLUSION

For the foregoing reasons, and the fact that there is no complete diversity or other basis for federal jurisdiction, it is respectfully recommended that Plaintiffs' motion to remand [CM/ECF No. 11] be **granted** and Defendants' request to sever any claims be denied.[5]

s/Mark Falk
MARK FALK
**Chief United States Magistrate Judge**

**Dated: July 27, 2021**

---

[5] Section 1446 outlines the procedures for removal. When a civil action is removed solely under section 1441(a), "all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). A district court may remand a case for a defect in the removal procedure. See Lee, 2010 WL 2869454, *1 (citing *PAS v.Travelers Ins.Co*., 7 F.3d 349, 352 (3d Cir. 1993)). Because the Court has determined that it does not have jurisdiction, it need not address the parties' arguments regarding whether GUARD complied with the procedural requirements for removal.